IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

JACKIE LEE BROWN and EMILY      )
BROWN,                          )
                                )
            Plaintiffs,         )
                                )
vs.                             )      Case No. CIV-11-217-D
                                )
COBB VANTRESS GRAND MEADOWS,    )
a/k/a COBB-VENTRESS, INC.; and  )
TYSON FOODS, INC.,              )
                                )
            Defendants.         )

# **O R D E R**

Before the Court is Defendants' Motion to Dismiss [Doc. No. 9], filed pursuant to Fed. R.

Civ. P. 12(b)(6).  Defendants seek the dismissal of this removed action based on the failure of

Plaintiffs' pleading to state a claim within the narrow exception to the exclusivity provision of the

Oklahoma Workers' Compensation Act, Okla. Stat. tit. 85, § 12, as recognized in *Parret v. Unicco*

*Service Co.*, 127 P.3d 572 (Okla. 2005), under the currently applicable federal pleading standard.

The Motion also notes a lack of factual allegations to establish a basis for liability of Defendant

Tyson Foods, Inc. for a workplace injury suffered by an employee of  Defendant Cobb-Vantress,

Inc.

Plaintiffs have responded to the Motion by requesting leave to amend their pleading.

Plaintiffs recognize that their state-court pleading may not satisfy the federal standard articulated

in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937,

1949 (2009).  However, because they previously amended their pleading once before removal, they

acknowledge that leave of court to file a second amendment may be required under Fed. R. Civ.

P. 15(a).  As to Defendant Tyson Foods, Inc., Plaintiffs initially responded with a request for a 90-

day period of discovery regarding facts showing the relationship between the two defendants. During the pendency of the Motion, however, Plaintiffs also filed a motion requesting leave to supplement their response with exhibits consisting of newly obtained documents that, according to Plaintiffs, "show that the Defendant Tyson exercised control over Cobb Vantress." *See* Pls.' Appl. Submit Additional Exhibits [Doc. No. 12], ¶ 2. The Court finds that no exhibits are needed to decide Defendants' Motion, which challenges only the sufficiency of Plaintiffs' pleading to state a claim upon which relief can be granted. The materials proposed for submission are not ones that can properly be considered under Rule 12(b)(6). *See Pace v. Swerdlow*, 519 F.3d 1067, 1072 (10th Cir. 2008).

Defendants' position in their reply brief is that Plaintiffs should be denied permission to amend their pleading and should be denied an opportunity for discovery before filing an adequate pleading. Defendants contend that the proposed amendment – that is, a First Amended Complaint submitted with Plaintiffs' response brief – would be futile because it also fails to allege sufficient facts to satisfy the "substantial certainty" standard established in *Parret*. Defendants also argue that a plaintiff who fails to state a claim "is not entitled to discovery to attempt to ferret out a cause of action." *See* Defs.' Reply Br. [Doc. No. 11] at 4.

While the Court agrees with Defendants that discovery should not precede the filing of a sufficient pleading, the Court is not persuaded that Plaintiffs should be denied an opportunity to plead a cognizable claim. It is well established that leave to amend under Rule 15(a)(2) "is to be freely granted." *See Polin v. Dun & Bradstreet, Inc.*, 511 F.2d 875, 877 (10th Cir. 1975); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). Defendants correctly state that an opportunity for amendment may be denied based on futility, that is, "[w]here a complaint, as amended, would be subject to dismissal," *Mountain View Pharmacy v. Abbott Laboratories*, 630 F.2d 1383, 1389 (10th

Cir. 1980); or could not withstand a motion to dismiss. *See Schepp v. Fremont County*, 900 F.2d 1448, 1451 (10th Cir. 1990). In this case, Plaintiffs' response brief suggests the existence of additional facts beyond those contained in either their current pleading or their initially proposed amendment, and on which they may rely to state a claim against both Defendants under the *Parret* standard. Defendants may be correct that Plaintiffs will be unable to do so, but the Court believes they should be allowed to try. Then, any deficiency in a subsequent pleading can be challenged by a separate motion directed at the particular allegations of the amendment. In that event, the Court will be in a better position to assess the sufficiency of Plaintiffs' allegations with assistance of the parties' briefs, which can specifically address the amended allegations.

For these reasons, the Court finds that Plaintiffs should be permitted to further amend their pleading in order to satisfy, if they can, the federal pleading standard by which their amended complaint must be judged.

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss [Doc. No. 9] is DENIED, without prejudice to resubmission. Plaintiffs may file an amended pleading within 15 days from the date of this Order.

IT IS FURTHER ORDERED that Plaintiffs' Application to Submit Additional Exhibits to Their Response to Defendants' Motion to Dismiss [Doc. No. 12] is DENIED as moot.

IT IS SO ORDERED this 25th day of April, 2011.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE