IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JACKIE LEE BROWN and EMILY BROWN, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. CIV-11-217-D |
| COBB VANTRESS GRAND MEADOWS, a/k/a COBB-VENTRESS, INC.; and TYSON FOODS, INC., | ) ) ) ) | |
| Defendants. | ) ) | |

## O R D E R

Before the Court is Defendants' Motion to Dismiss First Amended Complaint [Doc. No. 15],

filed pursuant to Fed. R. Civ. P. 12(b)(6). Defendants seek the dismissal of this action based on the

failure of Plaintiffs' amended pleading to state a claim within the narrow exception recognized in

*Parret v. UNICCO Service Co.*, 127 P.3d 572 (Okla. 2005), to the exclusivity provision of the

Oklahoma Workers' Compensation Act, Okla. Stat. tit. 85, § 12.[1]  Plaintiffs have responded in

opposition to the Motion, and Defendants have replied.  Thus, the Motion is at issue.

### Standard of Decision

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v.*

*Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570

(2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

---

[1] Defendant Tyson Foods, Inc. also asserts that the amended complaint fails to allege a basis for liability of a parent company for injury to a subsidiary's employee.  The Court need not reach this issue.

*Iqbal*, 129 S. Ct. at 1949.  1949.  The question to be decided is "whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (internal quotation omitted).

## Plaintiffs' First Amended Complaint[2]

The First Amended Complaint alleges that Plaintiff Jackie Lee Brown was employed by Defendant Cobb Vantress Grand Meadows a/k/a Cobb-Vantress, Inc. ("Cobb-Vantress") at its commercial poultry operation in Spavinaw, Oklahoma.  Defendant Tyson Foods, Inc. ("Tyson") is alleged to be the parent company of Cobb-Vantress and to have exercised control over its subsidiary at the relevant time.  According to Plaintiffs' pleading, on May 21, 2009, Mr. Brown "stepped into an unguarded auger while washing the waste off the floor of a chicken house as he was unaware that another employee had removed the grate over the auger." *See* First Am. Compl. [Doc. No. 14], ¶ 10. Mr. Brown allegedly suffered serious personal injuries as a result, "including the amputation of his left leg below the knee."  *See id*. ¶ 10.

Plaintiffs allege that Mr. Brown's injuries were directly caused by certain enumerated "acts and/or omissions of Defendants." *See id*. ¶ 11.  These include "removal of the grate while the auger was in operation" and failures "to properly train its employees," to enforce safety policies designed to prevent such injuries, and to utilize available "permanent safety measures." *See id*. ¶¶ 11.a.-b. and 11.e.-f.  Also included in these allegations is a reference to "an identical accident and injury" to another employee, Dewayne Vaughn, on December 16, 2005, at a Cobb-Vantress facility in

---

[2] This pleading was filed in response to a previous Rule 12(b)(6) motion, which asserted the same grounds for dismissal of Plaintiffs' removed state court petition.  Plaintiffs responded to the prior motion by requesting leave to amend, and the request was granted over Defendants' objection that amendment would be futile.  Defendants' position is that Plaintiffs have still not supplied sufficient factual allegations to state a claim.

Monticello, Kentucky.  *See id.* ¶ 11.c.  Plaintiffs allege that Mr. Vaughn was cleaning out "the chicken cages and conveyor belt" when he inadvertently "stepped into an unguarded floor mounted auger" from which other employees had removed the safety grates, "resulting in the amputation of his right leg below the knee."  *See id.* ¶ 11.d.  Plaintiffs primarily rely on Defendants' allegedly insufficient response to this prior accident to establish that Defendants intentionally caused Mr. Brown's injuries, as required by *Parret*.  The First Amended Complaint seeks compensatory and punitive damages for Mr. Brown and his wife, Plaintiff Emily Brown.

## Discussion

The Oklahoma Supreme Court has consistently held "that only intentional misconduct on the part of an employer would remove a worker's injury from the exclusive remedy provision of the Workers' Compensation Act."  *Parret*, 127 P.3d at 575.  In *Parret*, however, the court adopted a definition of "intentional" that includes both a specific intent to harm and subjective knowledge that harm is substantially certain to result.  The supreme court attempted to clearly articulate the "substantial certainty" standard and define its parameters as follows:

> In order for an employer's conduct to amount to an intentional tort, the employer must have (1) desired to bring about the worker's injury or (2) acted with the knowledge that such injury was substantially certain to result from the employer's conduct.  Under the second part of this standard, the employer must have intended the act that caused the injury with knowledge that the injury was substantially certain to follow.  The issue is not merely whether injury was substantially certain to occur, but whether the employer knew it was substantially certain to occur.  The employer's subjective appreciation of the substantial certainty of injury must be demonstrated.  In most cases, however, it will be necessary to demonstrate the employer's subjective realization by circumstantial evidence.  Thus, an employer's knowledge may be inferred from the employer's conduct and all the surrounding circumstances.

*Parret*, 127 P.3d at 579.  The court cautioned that this standard requires employer action or inaction with knowledge of more than a "high probability" or a "substantial likelihood" of injury; "[n]othing

3

short of the employer's knowledge of the 'substantial certainty' of injury will remove the injured worker's claim" from the Workers' Compensation Act.  *Id*.  Although the sufficiency of the plaintiff's pleading was not at issue in *Parret*, the Court provided guidance concerning the necessary allegations to allow a worker to proceed in district court: "The worker must allege facts which 'plausibly demonstrate' that the employer's conduct was intentional under the 'substantial certainty' standard."  *See id*.

The Oklahoma Supreme Court considered whether the facts of a particular injury were sufficient to satisfy the *Parret* exception in *Price v. Howard*, 236 P.3d 82 (Okla. 2010).  In *Price*, an employee died in a plane crash while on a business trip with the employer's president, a majority shareholder, and the owner of the plane, all of whom died in the crash.  The employer had previously made significant modifications to the plane, including the installation of experimental propellers, to utilize the modified aircraft as a marketing tool.  The employee's widow claimed the employer was negligent in modifying the plane and performing maintenance and repairs.  With regard to the crash, the court assumed the employer "was aware that the airplane was carrying passengers in violation of its temporary flight restrictions, that it was overweight, and that it took off in foul weather."  *See id*. at 85 (footnote omitted).  The supreme court affirmed summary judgment for the employer, even though "[u[ndoubtedly, the employer's conduct in allowing the plane to take flight may have been reckless."  The court found no indication that the president, who was the employee's supervisor, was advised of the unsafe conditions or "that any of the parties who occupied the plane that day appreciated the risk . . . .  Furthermore, violation of government safety regulations, even if wilful and knowing, does not rise to the level of an intentional tort or an actual intent to injure."  *See id*. at 90 (footnotes omitted).  The widow failed to surpass the "formidable barrier to recovery in tort" because the court could not "say that the employer's conduct amounted to an intentional tort

or that the employer desired to bring about the worker's injury or acted with knowledge that such injury was substantially certain to result from the employer's conduct."  *See id*.

In this case, Defendants challenge the sufficiency of Plaintiffs' factual allegations to satisfy the "substantial certainty" standard.  They note that aside from alleging the occurrence of a similar accident in another state, Plaintiffs fail to allege facts that demonstrate Defendants' knowledge that Plaintiff's injury was likely to occur.  The First Amended Complaint states that after the first accident, "safety policies were established to ensure this type of accident did not happen again. Policies included no lifting of the grates, and chaining the area off while washing to keep people out of the area."  *See* First Am. Compl. [Doc. No. 14] ¶ 11.e.  From this, Defendants argue that the inference to be drawn is that a coworker "removed the floor grate in direct violation of Cobb-Vantress' policy."  *See* Defs.' Mot. Dism. [Doc. No. 15] at 7.

Plaintiffs, of course, disagree with Defendants' characterization of their pleading, noting that the First Amended Complaint also states that the safety policies "were not enforced" and that no permanent safety measures were adopted to prevent removal of the grates or to stop the auger if grates were removed during cleaning.  *See* First Am. Compl. [Doc. No. 14] ¶¶ 11.e.-f.  Throughout their brief, however, Plaintiffs argue facts not contained in their pleading in an effort "to clarify the factual allegations contained in the Complaint."  *See* Pls.' Resp. Br. [Doc. No. 16] at 2.  Plaintiffs argue that Defendants required Mr. Brown to "place himself in a position exposing him to the unguarded augers when performing his assigned duties of cleaning the chicken house."  *See id*.  In support of this argument, they present additional factual allegations concerning the cleaning procedure and working conditions, discussed further below.  Plaintiffs also provide new allegations designed to demonstrate Defendants' knowledge that employees were removing grates from the augers at the facility in Spavinaw, Oklahoma, like they were in Kentucky; Plaintiffs state that

5

Defendants conducted safety meetings in Spavinaw following the Kentucky accident to educate employees about the danger of this practice.  Plaintiffs argue in a conclusory fashion that Defendants "failed to inspect, monitor, supervise or take appropriate action to prevent" further injuries from unguarded augers and "chose to operate its facilities in an unsafe manner" by failing to implement effective safety measures.  *See id*. at 4.

The Court, in its discretion, may consider additional factual allegations offered in Plaintiffs' response brief "if they [are] consistent with the facts and theories advanced in the complaint," regardless whether Plaintiffs have requested leave to amend or offered an amended pleading.  *See Hayes v. Whitman*, 264 F.3d 1017, 1025 (10th Cir. 2001).  Notwithstanding Plaintiffs' additional allegations, however, the Court finds that Plaintiffs have failed to plead sufficient facts to plausibly demonstrate Defendants' subjective appreciation of a substantial certainty of injury to Mr. Brown, as required by *Parret*.

Assuming Plaintiffs' factual allegations, as opposed to conclusory statements, are true, Mr. Brown was directed to perform a cleaning task in which "the cleaning mechanism requires the employee to walk backwards when performing this task."  *See* Pls.' Resp. Br. [Doc. No. 16] at 2.  Mr. Brown was working in an environment that "included many loud noises generated from the machinery at the facility, as well as many obstructions to an employee's view . . . which prevent employees from being aware of an unguarded auger in operation."  *See id*.  Defendants were allegedly aware that the cleaning procedure required the employee to walk backwards and knew the employee would "be unable able to see that the grate covering the operating auger had been removed."  *See id*. at 3.  However, these alleged facts provide no basis for a reasonable inference that Defendants required Mr. Brown to "place himself in a position that exposed him to the unguarded augers," as argued by Plaintiffs.  *See id.* (emphasis added).

6

Plaintiffs present no facts to show that Defendants knew the augers were unguarded on May 21, 2009, or were likely to become unguarded during the cleaning procedure. Plaintiffs' allegations make clear that the augers were covered by grates that protected workers from injury and that the operating augers posed a safety risk only if the grates were removed during the cleaning process. Plaintiffs do not describe the circumstances under which the grates were removed, either on the date of Mr. Brown's injury or on any other occasion. The sole basis for any inference that Defendants appreciated the danger to Mr. Brown when he was directed to perform the cleaning task is that another worker had previously been injured in a similar manner. However, Plaintiffs admit that Defendants had adopted safety procedures designed to prevent further accidents. Despite Plaintiffs' allegation that these procedures were "not enforced" and more "permanent" procedures were available, Plaintiffs provide no factual basis to infer that Defendants knew the safety procedures they had implemented were inadequate. The fact that Mr. Brown was injured does not establish that Defendants knew <u>in advance of his accident</u> that any conduct or omission by Defendants was "substantially certain" to cause injury to Mr. Brown.

In short, Plaintiffs make no allegation to support their argument that Defendants directed Mr. Brown to perform a cleaning task on May 21, 2009, knowing that injury was substantially certain to occur. Although the serious injury suffered by Mr. Brown was most unfortunate and likely preventable, Plaintiffs' First Amended Complaint simply cannot surpass the "formidable barrier to recovery in tort" established by Oklahoma law for cases of this type. *Price*, 236 P.3d at 90.

## Conclusion

For these reasons, the Court finds that Plaintiffs have failed to allege facts that plausibly demonstrate the employer's conduct was intentional under the "substantial certainty" standard

articulated in *Parret* and, thus, the First Amended Complaint fails to state a claim that may proceed as a civil action rather than under the Workers' Compensation Act.

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss First Amended Complaint [Doc. No. 15] is GRANTED, and Plaintiff's action is dismissed with prejudice.[3] Judgment shall be entered accordingly.

IT IS SO ORDERED this 10th day of November, 2011.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[3] Having previously granted Plaintiffs leave to amend their pleading, and having further considered Plaintiffs' additional allegations in their response brief, the Court finds that further amendment would be futile. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) ("A dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile.").